### THEODORE BRAGDON *versus* WILLIAM SOMERBY.

By the Public Laws of 1867, c. 130, § 1, a person convicted of selling intoxicating liquors, in violation of § 7, c. 33, of the Public Laws of 1858, shall not only be punished by fine, "but, in addition thereto, shall be imprisoned," &c.

Where, upon the trial of a complaint under § 1, c. 130, the plaintiff was only sentenced to pay the statute fine, he cannot, after payment thereof, recover the same from the magistrate who sentenced him, and to whom he paid it.

ASSUMPSIT ON FACTS AGREED.

*George S. Peters,* for the plaintiff.

*E. & F. Hale,* for the defendant.

KENT, J.—This is a very singular case. The plaintiff, against whom a complaint was regularly made and warrant duly issued, was brought before the defendant, a trial justice, charged with having illegally made sale of intoxicating liquors, contrary to the provisions of the statute. He pleaded not guilty; on trial was found guilty, and by the magistrate sentenced and adjudged to pay a fine of ten dollars and costs to and for the use of the State, which he paid to the justice, and thereupon was discharged. He now brings this action to recover from the magistrate the money thus paid, on the ground that, by the Act of 1867,

c. 130, § 1, he should have been sentenced, in addition to the fine and costs, to imprisonment in the county jail for thirty days, and that, because he has not suffered the whole penalty, which by law he was *entitled* to, he can recover back from the magistrate, in his individual capacity, the fine and costs, paid to him for the use of the State. The complaint is one that, to say the least, is unusual in our Courts; convicted criminals seldom complaining that they have escaped the extreme penalty prescribed for their offences. It would certainly be a case of new impression, if such criminal should commence an action against a magistrate on the ground that by the lenity or mistake of the Court he had lost the disciplinary benefits of imprisonment, or because he had been deprived of the alleviations to his conscious sense of guilt by having suffered punishment and thereby in a degree expiated his offence. If such an action could be sustained, the damages would probably be enhanced, by proof (not given in this case) that, upon demand or request of the convicted offender, the magistrate had refused to send him to jail.

But the plaintiff's counsel does not assume any such grounds, but bases his argument on the proposition that the judgment and sentence, not being authorized by law, at the time it was given, it was not within the power of the magistrate to award such sentence, and that the plaintiff can recover of the magistrate the sum so paid for the use of the State.

Now, granting the facts, and that the magistrate could not legally impose a fine without the imprisonment, and that the judgment might be reversed on error, it does not follow that this action can be sustained. The judgment complained of was clearly a judicial and not a ministerial Act. The trial justice had jurisdiction of the case and of the subject matter, and he gave a judicial decision and judgment. If he gave an erroneous judgment and sentence, it may be reversed on error. But it has been determined by an uninterrupted series of decisions in this country and in England, that no

magistrate, high or low, can be held personally responsible, where he has jurisdiction of the subject and the parties, and where he is authorized to pronounce a judgment, and he does so, without going beyond his authority. It would be a dangerous doctrine to hold otherwise. He may be held in cases where he plainly exceeds his jurisdiction, or does mere ministerial acts wrongfully, or acts forbidden by law.

A cloud of authorities might be cited to sustain these propositions, but it is not necessary. We merely refer to a case in our own Court. *Tyler* v. *Alford*, 38 Maine, 530.

*Plaintiff nonsuit.*

APPLETON, C. J., CUTTING, DICKERSON, BARROWS and DANFORTH, JJ., concurred.